IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALPHONSO WOODLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Case No. 24- 3053-JWL |
| | ) |
| Warden, USP Leavenworth, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he claims that he is entitled to immediate transfer to prerelease custody. The Court ordered briefing on an expedited basis, respondent has filed an answer, and petitioner has filed a reply brief, and the matter is thus ripe for ruling. For the reasons set forth below, the Court **grants** the petition, and respondent is ordered to effect petitioner's transfer to prerelease custody within 30 days of the date hereof.[1]

Habeas corpus review is available under Section 2241 if a prisoner is in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). In this case,

---

[1] In addition, the Court in its discretion **grants** petitioner's motion to file a handwritten petition (Doc. # 2), for the reasons argued by petitioner (the proper form was not available and he was seeking an expedited ruling); because his handwritten petition included the same information required by the form; and because respondent did not oppose the motion. With his traverse, petitioner sought leave to file that brief out of time, but that motion is **denied as moot**, as the Court previously granted petitioner an extension of time until May 17, 2024, to file the traverse.

petitioner claims that respondent and the Bureau of Prisons (BOP) have violated the governing federal statutes by failing to effect his immediate transfer to prerelease custody.

Respondent first argues that petitioner has failed to exhaust his administrative remedies as required. Petitioner concedes that he has not completed the BOP's usual four-step administrative process. He argues nonetheless that exhaustion should not be required in his case because of futility, based on the following facts: the regional BOP authority has taken over his prison, which has therefore been on lockdown, and the necessary forms are not available; he followed the instructions of BOP personnel in attempting to submit a "sensitive" claim by BP-10 form directly to the regional office, to bypass two administrative steps; and it would take 120 days or more to use the four-step procedure to address his claim that he is entitled to immediate transfer.

Petitioner is correct that "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). As a general rule, the futility exception is not satisfied merely because exhaustion could not be completed by the release date that would apply if a petitioner received the claimed credits, *see Randolph v. Hudson*, 2022 WL 1909051, at *1-3 (D. Kan. June 3, 2022) (Lungstrum, J.), or because the petitioner may lose time in a residential reentry center, *see Garner v. United States*, 2021 WL 3856618, at *3 (D. Kan. Aug. 30, 2021) (Lungstrum, J.). In this case, however, respondent has not disputed the facts asserted by petitioner, particularly the fact that the necessary forms for exhausting are

not available.[2]  In addition, the regional office has already rejected petitioner's claim, even though, as discussed below, the applicable statutes require petitioner's immediate transfer to prerelease custody.  Accordingly, the Court finds that exhaustion would be futile in this case, and it will not dismiss the petition on that basis.

Respondent has conceded the following facts.  Petitioner was sentenced to a term of imprisonment of 120 months, with 60 months of supervised release, after his conviction for a drug conspiracy offense.  Based on projected good conduct time, petitioner would have a statutory release date of April 8, 2027; but because of the application of Earned Time Credits (ETCs) under the First Step Act (FSA) and because of petitioner's completion in December 2023 of a Residential Drug Abuse Treatment Program (RDAP), his projected release date is now April 8, 2025.  The BOP has applied 365 days of ETCs toward petitioner's release date, and 445 days of ETCs toward time in a residential reentry center (RRC).  Petitioner is eligible at present for placement in an RRC, and the BOP has notified petitioner that he will be placed in an RRC in Tampa (his release location) on September 4, 2024.  According to respondent and the BOP, a placement to an RRC is made to the extent that resources and bed space permit, and that such placement is not required if there is no space available.

In response to the petition, respondent argues that the place of petitioner's confinement falls within the BOP's discretion, with which this Court has no authority to interfere.  Respondent argues that two statutes apply here.  First, 18 U.S.C. § 3624(b) grants

---

[2] Petition asserted these facts in his motion to file a handwritten petition, which was filed before respondent's answer.

the BOP the authority to designate the place of a prisoner's confinement and to transfer a prisoner to a different facility. *See id.* That statute also provides that "a designation of a place of imprisonment under this subsection is not reviewable by any court." *See id.* Second, the transfer of a prisoner to prerelease custody is addressed in 18 U.S.C. § 3624. Subsection 3624(c) includes the following relevant provisions:

> **(1) In general.** – The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility [such as an RRC].
>
> **(2) Home confinement authority.** – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.
>
> . . .
>
> **(4) No limitations.** – Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621. . . .

*See id.* § 3624(c). In addition, Section 3624(g) discusses options for certain eligible prisoners who have earned ETCs under the FSA. *See id.* § 3624(g). Such prisoners "shall be placed in prerelease custody" according to certain conditions, with the options including home confinement and placement in an RRC. *See id.* § 3624(g)(1), (2). That subsection also provides that the BOP "may transfer [such eligible] prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of [ETCs] under section 3632." *See id.* § 3624(g)(3).

Respondent is correct that those statutes, by themselves, do not require the BOP to transfer a prisoner to prerelease custody (for instance, at an RRC) as soon as that prisoner is eligible for such placement, for the maximum allowable period of prerelease custody. Rather, Section 3624 provides that the BOP must, to the extent practicable, ensure that a prisoner spends "a portion" of his final 12 months under conditions that will prepare the prisoner for reentry into the community.

Respondent has not addressed the provisions of the FSA set forth in 18 U.S.C. § 3632, however, and the fact that petitioner has earned ETCs. Section 3632(d) provides that prisoners shall earn ETCs based on participation in evidence-based recidivism reduction (EBRR) programming. *See id.* § 3632(d)(4). After describing how such ETCs may be earned, the FSA provides as follows:

> **(C) Application of time credits toward prerelease custody or supervised release. –** Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

*See id.* § 3632(d)(4)(C). Under a plain reading of this provision of the FSA, which includes the word "shall", the BOP is *required* to transfer a prisoner to prerelease custody or supervised release if the prisoner is "eligible" as determined under Subsection 3624(g). Under Section 3624(g), a prisoner is "eligible" if the prisoner has earned ETCs in an amount equal to the remainder of the prisoner's term of imprisonment, which remainder amount has been computed, and the prisoner has met certain benchmarks for the assessed risk of recidivism. *See id.* § 3624(g)(1). Respondent has conceded that petitioner is eligible

5

for placement in prerelease custody. Accordingly, the FSA requires the BOP to place petitioner in prerelease custody.

Respondent's excuse for delaying petitioner's transfer to an RRC is that bed space is not available in a particular RRC until September. No such condition concerning bed availability is included among the requirements for eligibility under Section 3624(g), however, and thus immediate placement in prerelease custody is nevertheless required under Section 3632(d)(4)(C).[3] As noted above, that statute uses the mandatory "shall" (as distinguished, for instance, from the provision in Section 3624(g)(3) that the BOP "may" transfer a prisoner to early supervised release). Numerous courts have held that the BOP has no discretion to delay or refuse transfer of an eligible prisoner to prerelease custody, which transfer is mandatory. *See, e.g.*, *Doe v. Federal Bur. of Prisons*, 2024 WL 455309, at *1-4 (S.D.N.Y. Feb. 5, 2024) (transfer to prerelease custody was required despite the prisoner's participation in the witness protection program); *Ramirez v. Phillips*, 2023 WL 8878993, at *4 (E.D. Cal. Dec. 22, 2023) (agreeing with interpretation that transfer to prerelease custody is mandatory, BOP has no discretion not to transfer); *Komando v. Luna*, 2023 WL 310580, at *4-8 (D.N.H. Jan. 13, 2023) (transfer to prerelease custody was required despite outstanding detainer; rejecting argument that the BOP had discretion to determine which prisoners were suitable for placement in prerelease custody), *report and*

---

[3] The applicable provisions requiring transfer to prerelease custody of eligible prisoners who have earned ETCs are thus distinguished from the provisions of Section 3624(c), which include the qualifying language "to the extent practicable." No such qualifying language is found in the mandate of Section 3632(d)(4)(C) or the eligibility requirements of Section 3624(g)(1).

*recommendation adopted*, 2023 WL 1782034 (Feb. 6, 2023); *Sierra v. Jacquez*, 2022 WL 18046701, at *4 (W.D. Wash. Dec. 27, 2022) (transfer to prerelease custody required despite immigration detainer, rejecting argument for discretion), *report and recommendation adopted*, 2023 WL 184225 (Jan. 13, 2023); *Jones v. Engelman*, 2022 WL 6563744, at *9-13 (C.D. Cal. Sept. 7, 2022) (transfer to prerelease custody was mandatory despite pending charges and argument that the prisoner was a flight risk), *report and recommendation adopted in relevant part*, 2022 WL 6445565 (Oct. 7, 2022).[4]

Respondent has not addressed this authority or cited any contrary authority, and the Court is not aware of any court that has interpreted the mandatory language of Section 3632(d)(4)(C) in any other way. Respondent relies on a prior decision in which this Court stated that a prisoner has no constitutional right to be placed in a particular facility and that the BOP has exclusive authority and discretion to designate the place of confinement. *See Lee v. English*, 2019 WL 3891147, at *9-10 (D. Kan. Aug. 19, 2019) (Lungstrum, J.), *aff'd sub nom. Jones v. English*, 817 F. App'x 580 (10th Cir. 2020). There is no indication that the prisoner in that case was an eligible prisoner who had earned ETCs, however, and neither this Court nor the Tenth Circuit addressed the applicability of Section 3632(d)(4)(C) in that case. *See id.*; *Jones*, 817 F. App'x 580. In this case, it is clear that the BOP has no discretion to refuse or delay the transfer of petitioner to prerelease custody.[5]

---

[4] Because the statute is clear that transfer to prerelease custody is mandatory, any contrary interpretation by the BOP (had it offered one) would not be entitled to any deference. *See Komando*, 2023 WL 310580, at *7-8; *Jones*, 2022 WL 6563744, at *9.

[5] In *Jones*, the Tenth Circuit noted that although a transfer to an RRC affects the conditions of confinement, not its duration, it had allowed prisoners to challenge by habeas Continued…

Finally, the Court notes that respondent has argued that petitioner's transfer to a particular RRC was scheduled for the future based on bed availability. Respondent has not argued or provided evidence, however, that there is no available space for petitioner in any RRC, or that his immediate transfer to prerelease custody cannot be accomplished. In this regard, the Court notes that while the FSA requires transfer to prerelease custody, the BOP retains the discretion to decide whether to transfer petitioner to an RRC or to home confinement, or even whether to transfer petitioner to early supervised release. *See Ramirez*, 2023 WL 8878993, at *4; *Komando*, 2023 WL 310580, at *6. Nor does the Court require that petitioner be placed in any particular RRC; thus, the BOP retains the discretion to choose the particular prerelease facility. The Court notes, however, that Section 3624(g) requires the BOP to "ensure there is sufficient prerelease custody capacity to accommodate all eligible prisoners." *See* 18 U.S.C. § 3624(g)(11); *Doe*, 2024 WL 455309, at *4.

Accordingly, because the BOP's failure to transfer petitioner to prerelease custody violates federal law, the Court grants the petition for relief. Respondent and the BOP are ordered to effect such a transfer.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **granted**, and respondent is ordered to effect petitioner's transfer to prerelease custody within 30 days of the date hereof.

---

petition under Section 2241 whether the BOP had followed the law in evaluating whether to approve such a transfer. Here, the Court has determined that the BOP did not follow the law with respect to its transfer decision involving petitioner; thus, the Court has determined that habeas relief is appropriate.

8

IT IS SO ORDERED.

Dated this 15th day of May, 2024, in Kansas City, Kansas.

                                                  /s/  John W. Lungstrum
                                                  Hon. John W. Lungstrum
                                                  United States District Judge