IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALPHONSO WOODLEY,                      )
                                       )
                    Petitioner,        )
                                       )
v.                                     )   Case No. 24- 3053-JWL
                                       )
Warden, USP Leavenworth,                )
                                       )
                    Respondent.        )
                                       )
_____)

## **MEMORANDUM AND ORDER**

This habeas case presently comes before the Court on petitioner's motion to enforce the Court's Memorandum and Order of May 15, 2024 (Doc. # 11). For the reasons set forth below, the Court **denies** the motion.

Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he claimed that he was entitled to immediate transfer to prerelease custody. The Court granted the petition, ruling that 18 U.S.C. § 3632(d)(4)(C) required the Bureau of Prisons (BOP) to transfer an eligible prisoner (such as petitioner) with sufficient credits to prerelease custody (such as home confinement or placement in a residential reentry center (RRC)); and accordingly the Court ordered petitioner's transfer to prerelease custody within 30 days. *See Woodley v. Warden*, 2024 WL 2260904 (D. Kan. May 15, 2024) (Lungstrum, J.). The Court limited the scope of its order, however, as follows:

> In this regard, the Court notes that while the FSA requires transfer to prerelease custody, the BOP retains the discretion to decide whether to transfer petitioner to an RRC or to home confinement, or even whether to

        transfer petitioner to early supervised release. Nor does the Court require that petitioner be placed in any particular RRC; thus, the BOP retains the discretion to choose the particular prerelease facility.

*See id.* at *4 (citations omitted). On June 12, 2024, the BOP transferred petitioner to prerelease custody at an RRC in Florida.

      By his present motion, petitioner argues that the Court should enforce its prior order by directing the BOP to release him to home confinement in Virginia. He states that he notified the BOP of his desire to change his place of release to Virginia before the transfer to the Florida RRC, and he argues that the BOP is retaliating against him because of the Court's ruling in his favor and resulting publicity concerning that ruling in a magazine article. He further argues that, although he is presently detained in Florida, this Court retains jurisdiction to enforce its own order.

      The Court concludes, however, that the BOP did comply with the Court's order. Simply put, the Court ordered only that petitioner be transferred to prerelease custody, and petitioner has in fact been transferred to prerelease custody at the Florida RRC. In addition, the Court specifically limited the scope of its order by noting that the BOP retained the discretion to decide whether petitioner's prerelease custody involved home confinement or an RRC and the discretion to decide the location of that custody. *See id.* Thus, contrary to petitioner's claim, the BOP has violated neither the letter nor the spirit of the Court's order.

      In addition, the Court notes that petitioner did not request either transfer to home confinement or transfer to prerelease custody specifically in Virginia in his petition, and to the extent petitioner is now making a new claim seeking such relief, the Court denies that claim. Again, as discussed in the prior order, although the BOP was required to transfer

2

petitioner to prerelease custody, it retained the discretion to determine where and how that transfer was accomplished, and the Court has no power to review those decisions. *See id.* at *2-4; *see also United States v. Hewitt*, 2021 WL 3911320, at *1-2 (D. Kan. Sept. 1, 2021). This Court also would lack jurisdiction to entertain a new habeas petition, as petitioner is no longer confined in this judicial district. *See Hewitt*, 2021 WL 3911320, at *2 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). The Court therefore denies petitioner's motion for relief.

IT IS THEREFFORE ORDERED BY THE COURT THAT petitioner's motion to enforce the Court's prior order (Doc. # 11) is hereby **denied**.

IT IS SO ORDERED.

Dated this 3rd day of October, 2024, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge